# EXHIBIT A-1

## STATE COURT RECORDS

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Sydney Price v. INNH EMP, LLC

| | |
|---|---|
| Case Number | 22D03-2509-CT-001529 |
| Court | Floyd Superior Court 3 |
| Type | CT - Civil Tort |
| Filed | 09/09/2025 |
| Status | 11/17/2025 , Pending (active) |

## Parties to the Case

Defendant Communicare Heralth Inc. *(Other)*

Removed
10/02/2025 - Other

Defendant Rolling Hills Healthcare Center, INNH EMP, LLC

Address
334 N. Senate Ave.
Indianapolis, IN 46204

Attorney
John Joseph DeRoss
*#3456349, Lead, Retained*

111 Monument Circle
Ste 2600
Indianapolis, IN 46204
317-237-0500(W)

Attorney
Zachary Aaron Ahonen
*#3186530, Retained*

111 Monument Circle
Suite 2600
Indianapolis, IN 46204
317-489-6930(W)

Attorney
Kennith Aquidio Echeverria
*#3967253, Retained*

JACKSON LEWIS PC
111 MONUMENT CIRCLE STE 2600
Indianapolis, IN 46204
317-489-6930(W)

Plaintiff Price, Sydney

Attorney
Pro Se

## Chronological Case Summary

09/09/2025 Case Opened as a New Filing

09/09/2025 **Appearance Filed**

| | |
|---|---|
| For Party: | Price, Sydney |
| File Stamp: | 09/09/2025 |

09/09/2025 **Complaint/Equivalent Pleading Filed**

| | |
|---|---|
| Against: | Communicare Heralth Inc. |
| Filed By: | Price, Sydney |
| File Stamp: | 09/09/2025 |

09/09/2025 **Subpoena/Summons Filed**
To Respondent

| | |
|---|---|
| Filed By: | Price, Sydney |
| File Stamp: | 09/16/2025 |

09/09/2025 **Summons**
Requested By:
Price, Sydney

Parties:
Communicare Heralth Inc.
Status:
Served
Served:
09/17/2025 11:02 AM
Anticipated Method:
Registered or Certified Mail
Serving Method:
Registered or Certified Mail
Comment:
*Signed by Brad Church*

10/02/2025 **Motion for Leave to Amend Filed**
Plaintiff's Motion to Amend Complaint

| | |
|---|---|
| Filed By: | Price, Sydney |
| File Stamp: | 09/30/2025 |

10/02/2025 **Appearance Filed**

| | |
|---|---|
| For Party: | Price, Sydney |
| File Stamp: | 10/01/2025 |

10/02/2025 **Subpoena/Summons Filed**

| | |
|---|---|
| Filed By: | Price, Sydney |
| File Stamp: | 10/01/2025 |

10/02/2025 **Order Granting Motion for Leave to Amend**
Order on Plaintiff's Motion to Amend Complaint

| | |
|---|---|
| Judicial Officer: | Granger, Maria D |
| Movant: | Price, Sydney |
| Noticed: | Price, Sydney |
| Noticed: | Communicare Heralth Inc. |
| Order Signed: | 10/01/2025 |

10/02/2025 **Complaint/Equivalent Pleading Filed**
Complaint and Demand for Jury Trial for Damages

| | |
|---|---|
| Filed By: | Price, Sydney |
| File Stamp: | 10/01/2025 |

10/02/2025 **Order Issued**
Order for Status Conference

| | |
|---|---|
| Judicial Officer: | Granger, Maria D |
| Noticed: | Price, Sydney |
| Noticed: | INNH EMP, LLC |
| Order Signed: | 10/02/2025 |

10/02/2025 **Hearing Scheduling Activity**
Status Conference scheduled for 01/27/2026 at 2:45 PM.

10/02/2025 **Summons**
Requested By:
Price, Sydney

Parties:
Rolling Hills Healthcare Center
Status:
Unserved
Anticipated Method:
Personal Service

10/03/2025 **Automated Paper Notice Issued to Parties**
Order Granting Motion for Leave to Amend ---- 10/2/2025 : Communicare Heralth Inc. Order Issued ---- 10/2/2025 : Rolling Hills Healthcare Center Hearing Scheduling Activity ---- 10/2/2025 : Rolling Hills Healthcare Center

10/15/2025 **Order Granting Motion for Leave to Amend**
Proposed Order on Plaintiff's Motion to Amend

| | |
|---|---|
| Judicial Officer: | Granger, Maria D |
| Movant: | Price, Sydney |
| Noticed: | Price, Sydney |
| Noticed: | INNH EMP, LLC |
| Order Signed: | 10/14/2025 |

10/15/2025 **Complaint/Equivalent Pleading Filed**
Complaint and Demand for Jury Trial for Damages

| | |
|---|---|
| Against: | INNH EMP, LLC |
| Filed By: | Price, Sydney |
| File Stamp: | 10/14/2025 |

10/15/2025 **Service Returned Not Served**
Notice of rejected service of process

| | |
|---|---|
| Pty Not Svd: | INNH EMP, LLC |
| File Stamp: | 10/15/2025 |

10/16/2025 **Automated Paper Notice Issued to Parties**
Order Granting Motion for Leave to Amend ---- 10/15/2025 : Rolling Hills Healthcare Center

10/20/2025 **Appearance Filed**
Appearances for Zachary A. Ahonen and Brian L. Mosby

| | |
|---|---|
| For Party: | INNH EMP, LLC |
| File Stamp: | 10/17/2025 |

10/20/2025 **Notice to Court Filed**
Notice of Removal

| | |
|---|---|
| Filed By: | INNH EMP, LLC |
| File Stamp: | 10/17/2025 |

11/06/2025 **Notice to Court Filed**
State Court Notice of Amended Notice of Removal

| | |
|---|---|
| Filed By: | INNH EMP, LLC |
| File Stamp: | 11/05/2025 |

11/13/2025 **Notice to Court Filed**
State Court Notice of Withdrawal of Notice of Removal

| | |
|---|---|
| Filed By: | INNH EMP, LLC |
| File Stamp: | 11/12/2025 |

11/17/2025 **Motion for Leave to Amend Filed**
Plaintiff's Motion to Amend Complaint to Correct Defendant's Name

| | |
|---|---|
| Filed By: | Price, Sydney |
| File Stamp: | 11/14/2025 |

11/17/2025 **Motion for Default Judgment Filed**
Affidavit in Support of Entry of Default and Default Judgment

| | |
|---|---|
| Filed By: | Price, Sydney |
| File Stamp: | 11/14/2025 |

11/17/2025 **Hearing Scheduling Activity**
Status Conference scheduled for 01/27/2026 at 2:45 PM was cancelled. Reason: Change of Court.

11/17/2025 **Hearing Scheduling Activity**
Status Conference scheduled for 01/27/2026 at 2:45 PM.

11/18/2025 **Automated Paper Notice Issued to Parties**
Hearing Scheduling Activity ---- 11/17/2025 : Rolling Hills Healthcare Center Hearing Scheduling Activity ---- 11/17/2025 : Rolling Hills Healthcare Center

11/19/2025 **Response Filed**

Defendant's Response in Opposition to Plaintiff's Motion for Default

Filed By: INNH EMP, LLC
File Stamp: 11/18/2025

11/19/2025 **Order Granting Motion for Leave to Amend**

Judicial Officer: Granger, Maria D
Movant: Price, Sydney
Noticed: Price, Sydney
Noticed: INNH EMP, LLC
Order Signed: 11/19/2025

11/19/2025 **Order Issued**

Order for Hearing

Judicial Officer: Granger, Maria D
Noticed: Price, Sydney
Noticed: INNH EMP, LLC
Order Signed: 11/19/2025

11/19/2025 **Hearing Scheduling Activity**

Hearing on Motion for Default Judgment scheduled for 12/22/2025 at 10:00 AM.

11/19/2025 **Hearing Scheduling Activity**

Status Conference scheduled for 01/27/2026 at 2:45 PM was cancelled. Reason: Assigned in Error.

11/19/2025 **Hearing Scheduling Activity**

Status Conference scheduled for 01/27/2026 at 2:45 PM was cancelled. Reason: Assigned in Error.

11/20/2025 **Automated Paper Notice Issued to Parties**

Order Granting Motion for Leave to Amend ---- 11/19/2025 : Rolling Hills Healthcare Center Order Issued ---- 11/19/2025 : Rolling Hills Healthcare Center Hearing Scheduling Activity ---- 11/19/2025 : Rolling Hills Healthcare Center Hearing Scheduling Activity ---- 11/19/2025 : Rolling Hills Healthcare Center Hearing Scheduling Activity ---- 11/19/2025 : Rolling Hills Healthcare Center

11/21/2025 **Notice to Court Filed**

Notice of Filing Exhibits and Statement on Void Removal

Filed By: Price, Sydney
File Stamp: 11/21/2025

11/26/2025 **Answer to a Complaint Filed**

Defendant's Answer to Plaintiff's Third Amended Complaint

Filed By: INNH EMP, LLC
File Stamp: 11/25/2025

12/02/2025 **Motion to Strike Filed**

Plaintiff's Motion to Strike Defendant's Untimely Answer

Filed By: Price, Sydney
File Stamp: 12/01/2025

12/02/2025 **Motion for Default Judgment Filed**

Plaintiff's Motion for Default Judgment

Filed By: Price, Sydney
File Stamp: 12/01/2025

12/02/2025 **Notice to Court Filed**

Notice of Change of Attorney Contact Information

Filed By: INNH EMP, LLC
File Stamp: 12/02/2025

12/02/2025 **Notice to Court Filed**

Notice of Change of Attorney Information

Filed By: INNH EMP, LLC
File Stamp: 12/02/2025

12/02/2025 **Hearing Scheduling Activity**

Status Conference scheduled for 12/22/2025 at 10:00 AM.

12/03/2025 **Automated Paper Notice Issued to Parties**

Hearing Scheduling Activity ---- 12/2/2025 : Rolling Hills Healthcare Center

12/15/2025 **Correspondence to/from Court Filed**
Letter from US District Court advising that case has been remanded back to the Floyd Superior Court.
File Stamp: 12/15/2025

12/22/2025 CANCELED **Hearing on Motion for Default Judgment**
Reason: Assigned in Error
Session:
12/22/2025 10:00 AM, Cancelled

12/22/2025 **Status Conference**
Session:
12/22/2025 10:00 AM, Judicial Officer: Granger, Maria D
Result: Commenced and concluded

12/22/2025 **Hearing Scheduling Activity**
Hearing on Motion for Default Judgment scheduled for 12/22/2025 at 10:00 AM was cancelled. Reason: Assigned in Error.

12/22/2025 **Order Issued**
Case Management Order and Notice to Mediator and Parties
Judicial Officer: Granger, Maria D
Noticed: Price, Sydney
Noticed: INNH EMP, LLC
Order Signed: 12/22/2025

12/23/2025 **Automated Paper Notice Issued to Parties**
Hearing Scheduling Activity ---- 12/22/2025 : Rolling Hills Healthcare Center Order Issued ---- 12/22/2025 : Rolling Hills Healthcare Center

12/30/2025 **Motion Filed**
PLAINTIFF'S MOTION TO STRIKE MEDIATOR
Filed By: Price, Sydney
File Stamp: 12/29/2025

01/05/2026 **Hearing Scheduling Activity**
Final PreTrial Hearing/Conference scheduled for 10/29/2026 at 9:00 AM.

01/05/2026 **Hearing Scheduling Activity**
Jury Trial scheduled for 11/09/2026 at 8:30 AM.

01/05/2026 **Strike from Ordered Panel Reported**
Notice of Mediator Strike
Filed By: INNH EMP, LLC
File Stamp: 01/02/2026

01/05/2026 **Notice to Court Filed**
Change of Attorney Contact Information
Filed By: INNH EMP, LLC
File Stamp: 01/05/2026

01/06/2026 **Automated ENotice Issued to Parties**
Hearing Scheduling Activity ---- 1/5/2026 : Brian Lee Mosby;Zachary Aaron Ahonen Hearing Scheduling Activity ---- 1/5/2026 : Brian Lee Mosby;Zachary Aaron Ahonen

01/06/2026 **Invalid Email: Automated Paper Notice Issued to Parties**
Hearing Scheduling Activity -- 1/5/2026 : Brian Lee Mosby Hearing Scheduling Activity -- 1/5/2026 : Brian Lee Mosby

01/16/2026 **Administrative Event**
Parties have Stricken Mediators; Jeffery Hansford appointed as mediator.

01/20/2026 **Motion Filed**
Motion to Enforce Case Management Order and Compel Mediation Scheduling
Filed By: Price, Sydney
File Stamp: 01/16/2026

01/22/2026 **Administrative Event**
Court review motion to enforce case management filed by the plaintiff; Mediation is not due until 7/31/2026. This motion is not ripe for a court ruling.

01/27/2026 CANCELED Status Conference
Reason: Assigned in Error
Session:
01/27/2026 2:45 PM, Cancelled
Session:
01/27/2026 2:45 PM, Cancelled

02/10/2026 Motion for Enlargement of Time Filed
Defendant's Motion for Enlargement of Time to Respond to Plaintiff's Discovery Requests
Filed By: INNH EMP, LLC
File Stamp: 02/10/2026

02/11/2026 Appearance Filed
Appearance of Kennith A. Echeverria on behalf of Defendant
For Party: INNH EMP, LLC
File Stamp: 02/10/2026

02/18/2026 Order Granting Motion for Enlargement of Time
Order Granting Defendant's Motion for Enlargement of Time to Respond to Plaintiff's Discovery Request; Response due on or before 3/12/2026.
Judicial Officer: Granger, Maria D
Movant: INNH EMP, LLC
Movant: Ahonen, Zachary Aaron
Movant: Mosby, Brian Lee
Noticed: Price, Sydney
Noticed: Ahonen, Zachary Aaron
Noticed: Mosby, Brian Lee
Order Signed: 02/18/2026

02/19/2026 Automated ENotice Issued to Parties
Order Granting Motion for Enlargement of Time ---- 2/18/2026 : Brian Lee Mosby;Zachary Aaron Ahonen

02/19/2026 Invalid Email: Automated Paper Notice Issued to Parties
Order Granting Motion for Enlargement of Time -- 2/18/2026 : Brian Lee Mosby

03/23/2026 Motion Filed
Defendant's Motion for Protective Order to Limit Dissemination of Sensitive and Confidential Information
Filed By: INNH EMP, LLC
File Stamp: 03/23/2026

03/30/2026 Motion Filed
Motion to File Initial Witness List
Filed By: Price, Sydney
File Stamp: 03/27/2026

03/30/2026 Motion Filed
Motion to Conduct Depositions
Filed By: Price, Sydney
File Stamp: 03/27/2026

03/30/2026 Motion Filed
Plaintiff's Motion for Extension of Time to File Exhibit List
Filed By: Price, Sydney
File Stamp: 03/27/2026

03/30/2026 Motion Filed
Plaintiff's Motion to Compel Opposition to Defendant's Motion for Protective Order and Request for Hearing
Filed By: Price, Sydney
File Stamp: 03/27/2026

04/01/2026 Witness and/or Exhibit List Filed
Defendant's Initial Witness and Exhibit List
Filed By: INNH EMP, LLC
File Stamp: 03/31/2026

04/02/2026 **Order Issued**

Discovery Conference Order and Hearing Set

| | |
|---|---|
| Judicial Officer: | Granger, Maria D |
| Noticed: | Price, Sydney |
| Noticed: | INNH EMP, LLC |
| Noticed: | Ahonen, Zachary Aaron |
| Noticed: | Mosby, Brian Lee |
| Noticed: | Echeverria, Kennith Aquidio |
| Order Signed: | 04/02/2026 |

04/02/2026 **Hearing Scheduling Activity**

Hearing scheduled for 05/28/2026 at 1:00 PM.

04/02/2026 **Order Granting Motion for Enlargement of Time**

Proposed Order Granting Plaintiff's Motion for Extension of Time to File Exhibit List

| | |
|---|---|
| Judicial Officer: | Granger, Maria D |
| Movant: | Price, Sydney |
| Noticed: | Price, Sydney |
| Noticed: | INNH EMP, LLC |
| Noticed: | Ahonen, Zachary Aaron |
| Noticed: | Mosby, Brian Lee |
| Noticed: | Echeverria, Kennith Aquidio |
| Order Signed: | 04/02/2026 |

04/03/2026 **Automated Paper Notice Issued to Parties**

Order Issued ---- 4/2/2026 : Rolling Hills Healthcare Center Order Granting Motion for Enlargement of Time ---- 4/2/2026 : Rolling Hills Healthcare Center

04/03/2026 **Automated ENotice Issued to Parties**

Order Issued ---- 4/2/2026 : Brian Lee Mosby;Kennith Aquidio Echeverria;Zachary Aaron Ahonen Hearing Scheduling Activity ---- 4/2/2026 : Brian Lee Mosby;Kennith Aquidio Echeverria;Zachary Aaron Ahonen Order Granting Motion for Enlargement of Time ---- 4/2/2026 : Brian Lee Mosby;Kennith Aquidio Echeverria;Zachary Aaron Ahonen

04/03/2026 **Invalid Email: Automated Paper Notice Issued to Parties**

Order Issued -- 4/2/2026 : Brian Lee Mosby Hearing Scheduling Activity -- 4/2/2026 : Brian Lee Mosby Order Granting Motion for Enlargement of Time -- 4/2/2026 : Brian Lee Mosby

04/07/2026 **Service Returned Not Served (E-Filing)**

Notice of Non-Service

| | |
|---|---|
| Filed By: | INNH EMP, LLC |
| File Stamp: | 04/07/2026 |

04/24/2026 **Motion Filed**

Motion to conduct discovery conference remotely or at alternative location

| | |
|---|---|
| Filed By: | Price, Sydney |
| Filed By: | INNH EMP, LLC |
| File Stamp: | 04/23/2026 |

04/24/2026 **Notice of Substitution of Counsel**

Motion for Substitution of Counsel

| | |
|---|---|
| Party: | INNH EMP, LLC |
| File Stamp: | 04/23/2026 |

04/27/2026 **Order Granting**

Order Granting Defendant's Motion for Substitution of Counsel

| | |
|---|---|
| Judicial Officer: | Granger, Maria D |
| Movant: | INNH EMP, LLC |
| Movant: | Mosby, Brian Lee |
| Noticed: | Price, Sydney |
| Noticed: | INNH EMP, LLC |
| Noticed: | Ahonen, Zachary Aaron |
| Noticed: | Mosby, Brian Lee |
| Noticed: | Echeverria, Kennith Aquidio |
| Order Signed: | 04/27/2026 |

04/28/2026 **Automated Paper Notice Issued to Parties**

Order Granting ---- 4/27/2026 : Rolling Hills Healthcare Center

04/28/2026 **Automated ENotice Issued to Parties**
Order Granting ---- 4/27/2026 : Brian Lee Mosby;Kennith Aquidio Echeverria;Zachary Aaron Ahonen

04/28/2026 **Administrative Event**
In response to Plaintiff's Motion to Conduct Discovery Conference remotely or at alternative location court instructs Plaintiff and Defendant to refer to its discovery conference order and Hearing set issued on April 12, 2026.

04/29/2026 **Invalid Email: Automated Paper Notice Issued to Parties**
Order Granting -- 4/27/2026 : Brian Lee Mosby

05/01/2026 **Notice to Court Filed**
Notice to the Court Regarding Attempt to Comply with Order
Filed By: INNH EMP, LLC
File Stamp: 05/01/2026

05/18/2026 **Response Filed**
Defendant's Response in Opposition to Plaintiff's Motion to Conduct Discovery Conference Remotely or at Alternative Location
Filed By: INNH EMP, LLC
File Stamp: 04/23/2026

05/26/2026 **Witness and/or Exhibit List Filed**
Exhibit list
Filed By: Price, Sydney
File Stamp: 05/26/2026

05/26/2026 **Response Filed**
PLAINTIFFS REPLY IN SUPPORT OF MOTION TO CONDUCT DISCOVERY CONFERENCE REMOTELY OR AT ALTERNATIVE LOCATION
Filed By: Price, Sydney
File Stamp: 05/26/2026

05/26/2026 **Report Filed**
Defendant's Report on Discovery Dispute
Filed By: INNH EMP, LLC
File Stamp: 05/22/2026

05/27/2026 **Hearing Scheduling Activity**
Hearing scheduled for 05/28/2026 at 1:00 PM was cancelled. Reason: Other.

05/28/2026 CANCELED **Hearing**
Reason: Other
Session:
05/28/2026 1:00 PM, Cancelled

05/28/2026 **Automated ENotice Issued to Parties**
Hearing Scheduling Activity ---- 5/27/2026 : John Joseph DeRoss;Kennith Aquidio Echeverria;Zachary Aaron Ahonen

05/28/2026 **Administrative Event**
Discovery Conference hearing scheduled for 5/28/2026 was cancelled due to parties have not engaged in face to face conference as ordered in the Discovery Conference Order and Hearing set issued on April 12, 2026.

06/24/2026 **Mediation Status Report Filed**
Report of Mediation
Filed By: Hansford, Jeffrey
File Stamp: 06/24/2026

06/29/2026 **Motion Filed**
NOTICE OF WITHDRAWAL OF PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION FOR PROTECTIVE ORDER
Filed By: Price, Sydney
File Stamp: 06/28/2026

06/29/2026 **Complaint/Equivalent Pleading Filed**
Plaintiff's Amended Complaint
Filed By: Price, Sydney
File Stamp: 06/28/2026

06/29/2026 **Motion for Leave to Amend Filed**
Plaintiff's Motion For Leave To File Amended Complaint

| | |
|---|---|
| Filed By: | Price, Sydney |
| File Stamp: | 06/28/2026 |

06/30/2026 **Notice Filed**
Notice of Intent Not to Respond to Plaintiff's Motion for Leave to File Amended Complaint

| | |
|---|---|
| Filed By: | INNH EMP, LLC |
| File Stamp: | 06/30/2026 |

07/01/2026 **Order Granting**
Order on Plaintiff's Notice of Withdrawal of Opposition to Defendant's Motion for Protective Order.

| | |
|---|---|
| Judicial Officer: | Granger, Maria D |
| Movant: | Price, Sydney |
| Noticed: | Price, Sydney |
| Noticed: | INNH EMP, LLC |
| Noticed: | Ahonen, Zachary Aaron |
| Noticed: | Echeverria, Kennith Aquidio |
| Noticed: | DeRoss, John Joseph |
| Order Signed: | 06/30/2026 |

07/01/2026 **Order Granting**
Order on Plaintiff's Motion for Leave to File Amended Complaint

| | |
|---|---|
| Judicial Officer: | Granger, Maria D |
| Movant: | Price, Sydney |
| Noticed: | Price, Sydney |
| Noticed: | INNH EMP, LLC |
| Noticed: | Ahonen, Zachary Aaron |
| Noticed: | Echeverria, Kennith Aquidio |
| Noticed: | DeRoss, John Joseph |
| Noticed: | Hansford, Jeffrey |
| Noticed: | Hansford, Jeffrey L |
| Order Signed: | 06/30/2026 |

07/02/2026 **Automated Paper Notice Issued to Parties**
Order Granting ---- 7/1/2026 : Rolling Hills Healthcare Center Order Granting ---- 7/1/2026 : Rolling Hills Healthcare Center

07/02/2026 **Automated ENotice Issued to Parties**
Order Granting ---- 7/1/2026 : John Joseph DeRoss;Kennith Aquidio Echeverria;Zachary Aaron Ahonen Order Granting ---- 7/1/2026 : John Joseph DeRoss;Jeffrey L Hansford;Kennith Aquidio Echeverria;Zachary Aaron Ahonen

10/29/2026 **Final PreTrial Hearing/Conference**
Session:
10/29/2026 9:00 AM, Judicial Officer: Granger, Maria D

11/09/2026 **Jury Trial**
Session:
11/09/2026 8:30 AM, Judicial Officer: Granger, Maria D

## Financial Information

* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**Price, Sydney**
Plaintiff

Balance Due (as of 07/09/2026)
0.00

Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 232.00 | 0.00 | 232.00 |

Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 09/09/2025 | Transaction Assessment | 232.00 |
| 09/09/2025 | Counter Payment | (232.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

**IN THE FLOYD COUNTY SUPERIOR COURT**
**STATE OF INDIANA**

**[Sydney Price]**

v.

**[Communicare Health Inc]**

Defendant,

**Case Number** 22D03-2509-CT-1529

**Filed**

SEP 09 2025

Danita Burks
Clerk Of Courts

## APPEARANCE

**[Sydney Price]**, **Plaintiff** in the above-styled action, and hereby enters their appearance in this matter.

By this **Appearance**, the undersigned notifies the Court and all parties that they are actively participating in this case and intend to prosecute/defend all claims as appropriate.

**Respectfully submitted,**

**Dated:** [9/08/2025]

**Signature:**

**Sydney Price**
10210 Hornbeam Blvd
Louisville , KY , 40228
502-650-4255
Pricesydney95@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Appearance** was served on all parties or their counsel of record by **[method of service — e.g., mail, email, hand delivery]** on this [date].

**Signature:** ______________________
**Printed Name: [Sydney Price]**

**Floyd County Superior Court**

**311 Hauss Square**

**Ste. 143**

**New Albany, IN 47150**

**Date:** [9/08/2025]

**Clerk of the Court:** ______________________
**By:** ______________________ (Deputy Clerk)

**IN THE SUPERIOR COURT OF [FLOYD]COUNTY, INDIANA**

22D03-2509-CT-1529
**CASE NUMBER**

**Sydney Price**

{PLAINTIFF},

V.

**Communicare Health Inc,**

{DEFENDANT},

**Filed**
SEP 0 9 2025
Danita Burks
Clerk Of Courts

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR DAMAGES AS FOLLOWS:**

**Sydney Price,** by way of Complaint against **Communicare Health Inc**, states as follows:

**I PARTIES**

**1.1Plaintiff, Sydney Price,** is an individual residing in Jefferson County, (Louisville, KY), and is currently employed by **Defendant, Communicare Health Inc,** at the time of filing this petition.

**I.2 Defendant, Communicare Health Inc,** is a business entity that is currently dba "Rolling Hills Healthcare" a long-term care facility that is found at 3625 St Joseph Road , (New Albany, IN) 47150.

**1.3Communicare Health Inc,** headquarters is located at 10123 Alliance Road

Blue Ash, OH 45242 Phone: (513) 489-7100
Website: communicarehealth.com

**1.4 Communicare Health Inc, Registered agent office is at** 334 North Senate Avenue, Indianapolis, IN, 46204, USA

## II. JURISDICTION AND VENUE

**2.1** This Court has jurisdiction over this matter pursuant to Indiana law.

**2.2** Venue is proper in this Court because the events giving rise to this Complaint occurred in [New Albany], Indiana.

## III. FACTS

**3.1 Plaintiff** is currently employed by **Defendant,** as a Certified Nursing Assistant.

**3.2 Plaintiff** and Co-workers repeatedly reported a faulty mechanical Hoyer Lift used in the facility that was broken and unsafe.

**3.3 Defendant,** through its **Director of Nursing (Cheryl Fagundo),** acknowledged these concerns but dismissed them and continued requiring staff to use the faulty equipment.

**3.4** On or about [**7/27/2025**], a **resident at Rolling Hills HealthCare** fell approximately five feet from a faulty lift, as the entire lift malfunctioned and the rod holding the resident in the air gave out and metal bar attached hit directly on top of his head, sustaining injury.

**3.5 Plaintiff** and other staff were not provided with proper incident reporting procedures or allowed to document the event accurately.

**3.6 Plaintiff** and other staff were told to minimize the events of the fall through text message and in person by reporting nurse Alexandria Crawford.

**3.7 Plaintiff's** paychecks, covering at least 29 pay periods, failed to include the promised shift differential rate of $3 per eligible hour, amounting to unpaid wages.

**3.8 Defendant** failed to disclose to all employees, families, and residents the presence of **Legionella bacteria** in the facility's water supply, despite admitting knowledge and delaying action to address the hazard.

**3.9 Defendant's** actions regarding the reporting of abuse and unsafeness of certain protocols workplace standards and procedure created an unsafe, hostile, and negligent work environment.

**3.10 Defendant (Stefanie Jenkins)** acknowledged on several occasions that they were aware that the HR **department** in house had manipulated the time clock to help (Chareese Graves) and chosen coworkers, so they become eligible for incentives and quarterly bonuses. **Defendant** also made **Plaintiff** and eyewitnesses aware that she had knowledge of a specific situation regarding time clock manipulation regarding a Nurse named"**Amanda**" who works morning shift , whose time card was changed several times to be eligible for the quarterly bonus so that she could in turn help the HR time keeper "**Chareese Graves**" with Nursing tuition.

**3.11 Defendant** acknowledged on several occasions that they were knowledgeable about staff members who worked the graveyard shift not seeing their full shift differential or at times none on their pay stubs.

**3.12 Defendant** failed to disclose a rate of pay for the shift differential on staff members paystubs.

**3.13 Defendants (Stefanie Jenkins)** on our around (8/26/2025) was made aware the (Alexandria Crawford) reporting nurse for a fall incident along with Director of Nursing tried to minimize the fall the was associated with the faulty lift and responded with in front of eyewitness **Neysa Miles** "What do you think we should have done Sydney , send him out for a MRI".

**Defendant** was also made aware that there was text messages regarding this issue were the reporting nurse **(Alexandria Crawford)** asked the other CNA to minimize this issue, and also say she was not in the room at the time of the fall.

**3.14 Defendant (Stephanie Jenkins)** stated that the shift differential was in fact $3 on several occasions including the date of 7/29/2025 at 5:45 A.M, and that she has a paper in her office that reflects this as well as the Director of Nursing, in front of eyewitnesses.

**3.15 Defendant** known as **"Lester"** who represents corporate spoke with an employee about shift differentials and verified that the shift differential was in fact $3. On the date of 8/27/2025 over a recorded phone call.

**3.16 Plaintiff** and other counterparts have repeatedly complained about pay not being correct dating back to at least **March of 2024. Defendant** chooses when they want to investigate an employee's wage claims, regardless of bona-fide evidence.

**3.17 Plaintiff** was recently prescribed **Zoloft** a prescription medication and now sees a therapist regularly for diagnosed Anxiety and Depression related to hostility in the workplace and unresolved wage claims.

**3.18 Plaintiff** and eyewitness ( **Neysa Miles)** spoke with **(Stefanie Jenkins)** on or about (8/26/2025) about the rumors from a corporate employee of Legionella in the water supply and a reply of " I can't speak much about it , but yes it is in small traces and we have been treating it

with 100s of thousands of dollars I can assure you that". When asked when she would speak about this with other members of our care team, she said she would bring it up "later September" in a staff meeting.

**3.19 Defendant (Stefanie Jenkins)** was told several times in person and through RCS text message that several nurses were participating in unethical and unsafe nursing practices that place the other staff members at harm and that compromise on the integrity of the care team at **Rolling Hills Healthcare**.

**3.20 Defendant** also maintained unsafe working conditions. Specifically, the facility required staff to use **incorrect lift pads with Hoyer lifts**, creating a serious risk of patient falls and injuries. Plaintiff documented this hazard and made administration aware as well as Director of Nursing, yet no corrective action was taken.

**3.21 Defendant** offered quarterly bonuses to employees in 2024 who met certain eligibility requirement that included: Zero Absences, had to be a full time or part time employee, had to also be within your 90-day probation period of working.

**3.21 Defendant** acknowledged that certain people who didn't qualify for the quarterly bonus still received them due to a system "glitch".

**3.22 Plaintiff** understands and is knowledgeable on what quarterly means, and it is referring to every three months starting at the beginning of the calendar period in January.

**3.23 Defendant** has not addressed the night shift staff as a whole regarding improper time keeping records and unpaid shift differentials but has spoken with certain people personally and offered to cut them checks to fix their unpaid shift differential.

**3.24 Plaintiff** has made **Defendant** aware of wage claims through text messaging, in person meetings as well filed claims through Rolling Hills third party agency "NAVEX". Evidence documented dates back to November 2024 for wage claims regarding **Plaintiff.**

**3.25 Defendant** was made aware on our around **September 2024 ,** that there had been an incident with a nurse that is currently on suspension (Joyce Dunn) were the the **Plaintiff** felt unsafe, targeted and belittled in front of other coworkers due to a scheduling issue. Eyewitness **Kayla Terry** saw **Joyce Dunn** yell at **Plaintiff** and get agitated and raise her voice as well as use profanity to **Plaintiff** in front of other coworkers and residents. As well as steeping in **Plaintiffs** personal space being confrontational by pointing her fingers in **Plaintiffs** face and telling **Plaintiff** to go "just go home" because **Plaintiff** did not feel comfortable working with her.

**3.26 Plaintiff** reached out to HR at the time which was "**Chareese Graves**" and Director of Nursing "**Cheryl Fagundo**" to report this incident , and was met with a response of "respect your elders, shes just a old-fashioned nurse" by the Director of Nursing as well as a response from HR stating there was nothing she could do to accommodate me and she hope me and the nurse can put aside our differences.

**3.28 Defendant** received a complaint in April of 2024 about **Joyce Dunn** and **Jordan Smith,** from a family member of **Jordan Smith,** who is a Registered Nurse (**Sheryl McElroy Smith**) at another business regarding workplace bullying and hostility towards certain staff members. Jordan Smith was forced out of her job due to neglect for the complaint which involved her having an anxiety attack at the time of their incident. **Defendant** threatened her job if she decided to leave and the incident would be labeled as "job abandonment".

**3.29 Defendant** was aware of the unprofessionalism regarding Joyce Dunn and the way she treated staff members who's titles usually were Certified Nursing Assistants.

**3.30 Defendant** is aware that **Joyce Dunn and Cheryl Fagundo** are under investigation at a regional level in Communicares network and have been temporarily suspended due to misconduct.

**3.31** On or around **July 25, 2025 , Plaintiff and eyewitnesses saw Defendant Stefanie Jenkins** came in around the early morning hours of **4:30-5:30 A.M** to remove the broken hoyer lift from the 300 unit on which the incident occurred.

**IV CLAIMS FOR RELIEF:**

**COUNT I- Negligence**

**4.1 Defendant** failed to honor their duty of care and integrity to employees and residents to maintain safe equipment and working conditions.

**4.2 Defendant** breached that duty by ignoring known equipment failures and exposing staff and residents to Legionella.

**4.3 Defendant** failed to address and investigate complaints involving staff members and issues with certain team member's that have created a hostile environment. As a direct result, **Plaintiff** suffered harm, stress, and risk of exposure to unsafe working conditions.

**4.4 Defendant** failed to investigate abuse cases among a handful of residents with one in particular resulting in a fall that left patient vulnerable to head trauma due to malfunction of the hoyer lift as well as putting staff members licenses at risk by working a faulty hoyer lift with incorrect hoyer pads.

**COUNT II- Wage violations/unpaid wages**

**4.4 Defendant** failed to pay **Plaintiff** shift differential wages as promised, constituting wage theft in violation of Indiana wage laws.

**4.5 Defendant** failed to provide accurate pay statements, further violating wage reporting requirements.

**4.6 Defendant** failed to thoroughly investigate wage claims made by employees in a prompt and proper manner.

**4.7 Defendant,** failed to uphold staff members that had access to sensitive information such as social security numbers and addresses to a standard that matches their mission statement, once they knew fraud was being committed.

**COUNT III- Hostile work environment**

**5.1 Defendant** created a hostile workplace by disregarding employee safety concerns, dismissing reports, failing to thoroughly investigate claims of abuse and neglect regarding resident care and safety, not acting on known hazards, not keeping up to date audit books pertaining to crash carts as well as infection control policies and inspections logs that show accuracy for mechanical lifts.

**5.2 Plaintiff** suffered emotional distress, anxiety, and loss of quality of life as a result.

5.3 When **Plaintiff** and other counterparts would speak up about neglect of care and safety issue they would be retaliated against subtly and at times minimized due to their professional title.

**COUNT IV – Wage fraud and bonus manipulation.**

**5.1 Defendant** failed to pay attendance bonuses promptly and timely according to the flyer they gave employees, as well as treating all employees with the same fairness, intentionally manipulating employee time clock records to make certain employees appear eligible for quarterly bonuses.

**5.2** As a result of this manipulation, **Plaintiff** and other eligible employees were wrongfully denied bonuses they had earned under **Defendant's** policies.

**5.3 Defendant's** conduct constitutes willful wage fraud, breach of duty of good faith and fair dealing, and a violation of Indiana wage payment laws.

**5.4 Plaintiff** has suffered financial and mental harm due to the loss of promised bonus compensation and requests full repayment of wrongfully withheld bonuses, interest, and punitive damages for **Defendant's** intentional misconduct.

**V. DAMAGES**

**Plaintiff** seeks damages including but not limited to:

- Back pay for all unpaid shift differential wages with interest according to Indiana wage law.
- Damages relating in having to file bankruptcy and evection due to fraud inducement relating to the shift differential and unpaid bonuses (promise estoppel)
- Damages for being exposed to legionella without any notification or proper training.
- Compensatory damages for diagnosed anxiety and depression related to emotional distress, hostility, and anxiety about the workplace

- Damages for humiliation and pain suffering caused by harassment
- Punitive damages for willful disregard of safety.
- Attorney's fees and court costs.
- Any further relief the Court considers just and proper.
- Damages for reckless behavior regarding staff, and resident safety, mechanical lifts, Legionella traces in the water supply and disregard for improper use of equipment and functions in the facility.
- Additional relief/injunctive measures

**VI. CLAIM FOR RELIEF**

WHEREFORE, **Plaintiff** respectfully requests that this Court enter judgment against **Defendant** in the amount of **$1,000,000** or such sum as may be proven at trial, together with costs, interest, and any other relief the Court deems just and proper.

Respectfully submitted,

9/8/2025

**Sydney Price [9/08/2025]**

**10210 Hornbeam Blvd**

**Louisville , KY 40228**

**Pricesydney95@gmail.com (502-650-4255)**

**IN THE FLOYD COUNTY SUPERIOR COURT**
**STATE OF INDIANA**

**[Sydney Price]**

Plaintiff

22D03-2509-CT-1529
**Case Number**

v.

**Filed**

SEP 0 9 2025

Danita Burks
Clerk Of Courts

**[Communicare Health Inc]**

Defendant,

## SUMMONS

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby notified that you have been sued in the **Floyd County Superior Court**. The nature of the suit is a **civil tort claim.**

**You must respond to this lawsuit by filing a written answer with the Clerk of the Floyd County Superior Court within 20 days after service of this summons** (not counting the day of service). If you fail to respond, a **default judgment** may be entered against you for the relief requested by the plaintiff. The address below reflects the above-named Defendants Registered agent on file and receives legal correspondence on their behalf.

**Sydney Price**

10210 Hornbeam Blvd

Louisville KY, 40228

502-650-4255

Pricesydney95@gmail.com

**CT Corporation Systems**

334 North Senate Ave

Indianapolis, IN 46204

1-888-237-8289

**Registered Agent**

**Floyd County Superior Court**

311 Hauss Square

Ste. 143

New Albany, IN 47150

**Date:** [9/08/2025]

**Clerk of the Court:** ______________________
**By:** ____________________________ (Deputy Clerk)

NOTICE: **This summons is an official court document.** Do not ignore it. **Respond within the time limit to avoid a default judgment.**

**Sydney Price**
10210 Hornbeam Blvd
Louisville,Kentucky
502-650-4255
[Pricesydney95@gmail.com]

**IN THE SUPERIOR COURT**
**[FLOYD], INDIANA**

Filed
Floyd Superior Ct. 3
SEP 30 2025
Danita Burks
Clerk

Sydney Price,
Plaintiff,

v.

[Communicare Health Services Inc],
Defendant.

Case No. 22D03-2509-CT-1529

---

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff, Sydney Price, respectfully moves this Court for leave to amend the Complaint filed in the above-captioned matter, and in support states as follows:

1. Plaintiff filed the original Complaint on [9/09/2025], naming [Communicare Health Services Inc] as Defendant.
2. Upon review of employment records, including paychecks and W-2 forms, Plaintiff has determined that the correct legal employer is [Rolling Hills Healthcare], not the parent company originally listed.
3. The naming of [Communicare Health Services Inc] as Defendant was an inadvertent mistake. Plaintiff seeks to amend the Complaint to substitute [Rolling Hills Healthcare] as the proper Defendant.
4. Indiana Trial Rule 15 provides that leave to amend "shall be given freely when justice so requires."
5. No party will be prejudiced by this amendment, and it is necessary to ensure that the correct employer entity is properly before the Court.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave to file the attached Amended Complaint substituting [Rolling Hills Healthcare] as Defendant, update the case caption accordingly, and grant all further relief deemed just and proper.

Respectfully submitted, [signature]

Sydney Price 9/30/2025
Plaintiff, pro se

IN THE FLOYD COUNTY SUPERIOR COURT
STATE OF INDIANA

**[Sydney Price]**

Plaintiff,

v.

**[Rolling Hills Healthcare Center]**

Defendant,

**Case Number**

22-D03-2509-CT-1529

Filed
Floyd Superior Ct. 3

OCT - 1 2025

Danita Burks
Clerk

## APPEARANCE

**[Sydney Price]**, **Plaintiff** in the above-styled action, and hereby enters their appearance in this matter.

By this **Appearance**, the undersigned notifies the Court and all parties that they are actively participating in this case and intend to prosecute/defend all claims as appropriate.

**Respectfully submitted,**

**Dated:** [9/30/2025]

**Signature:**

**Sydney Price**

10210 Hornbeam Blvd

Louisville , KY , 40228

502-650-4255

Pricesydney95@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Appearance** was served on all parties or their counsel of record by **[method of service — e.g., mail, email, hand delivery]** on this [date].

**Signature:** ______________________
**Printed Name: [Sydney Price]**

**Floyd County Superior Court**

**311 Hauss Square**

**Ste. 143**

**New Albany, IN 47150**

**Date:** [9/30/2025]

**Clerk of the Court:** ______________________
**By:** ______________________ (Deputy Clerk)

**IN THE FLOYD COUNTY SUPERIOR COURT**
**STATE OF INDIANA**

**[Sydney Price]**

Plaintiff,

v.

**[Rolling Hills Healthcare Center]**

Defendant,

**Case Number**

22D03-2509-CT-1529

Filed
Floyd Superior Ct. 3

OCT - 1 2025

Danita Burks
Clerk

## SUMMONS

### TO THE ABOVE-NAMED DEFENDANT:

You are hereby notified that you have been sued in the **Floyd County Superior Court**. The nature of the suit is a **civil tort claim**.

**You must respond to this lawsuit by filing a written answer with the Clerk of the Floyd County Superior Court within 20 days after service of this summons** (not counting the day of service). If you fail to respond, a **default judgment** may be entered against you for the relief requested by the plaintiff. The address below reflects the above- named Defendants Registered agent on file and receives legal correspondence on their behalf.

**Sydney Price**

10210 Hornbeam Blvd

Louisville KY, 40228

502-650-4255

Pricesydney95@gmail.com

**CT Corporation Systems**

334 North Senate Ave

Indianapolis, IN 46204

1-888-237-8289

**Floyd County Superior Court**

311 Hauss Square

Ste. 143

New Albany, IN 47150

**Date:** [9/30/2025]

**Clerk of the Court:** Danita Burks
AD
**By:** ______________________________ (Deputy Clerk)

NOTICE: **This summons is an official court document.** Do not ignore it. **Respond within the time limit to avoid a default judgment.**

Filed
Floyd Superior Ct. 3

OCT - 1 2025

Danita Burks
Clerk

IN THE SUPERIOR COURT
[FLOYD COUNTY], INDIANA

[Sydney Price],
**Plaintiff,**

v.

Case No. [22D03-2509-CT]
1529

[Communicare Health Inc],
**Defendant,**

---

## ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff has filed a Motion to Amend Complaint. The Court, being duly advised, now finds the motion should be GRANTED.

IT IS THEREFORE ORDERED that Plaintiff is granted leave to file the Amended Complaint attached to the motion, and that the case caption shall be amended to substitute **[Rolling Hills Healthcare Center]** as the Defendant in place of **[Communicare Health Inc]**.

SO ORDERED this October 1, 2025.

---

Judge, ______________ Superior Court

**IN THE SUPERIOR COURT OF [FLOYD]COUNTY, INDIANA**

**Sydney Price**

{PLAINTIFF},

V.

**Rolling Hills Healthcare Center,**

{DEFENDANT},

**CASE NUMBER**

22D03-2509-CT-152

Filed
Floyd Superior Ct. 3

OCT - 1 2025

Danita Burks
Clerk

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR DAMAGES AS FOLLOWS:**

**Sydney Price,** by way of Complaint against **Rolling Hills Healthcare Center,** states as follows:

**I PARTIES**

**1.1Plaintiff, Sydney Price,** is an individual residing in Jefferson County, (Louisville, KY), and is currently employed by **Defendant, Rolling Hills Healthcare Center,** at the time of filing this petition.

**I.2 Defendant, Rolling Hills Healthcare Center,** is a business entity that is currently dba "Rolling Hills Healthcare Center" a long-term care facility that is found at 3625 St Joseph Road , (New Albany, IN) 47150.

**1.3Rolling Hills Healthcare Center,** headquarters and legal department is located at 10123 Alliance Road, Blue Ash, OH 45242 Phone: (513) 489-7100 Website: communicarehealth.com

**1.4 Rolling Hills Healthcare Center, Registered agent office is at** 334 North Senate Avenue, Indianapolis, IN, 46204, USA **under the business of C T CORPORATION SYSTEM**

## II. JURISDICTION AND VENUE

**2.1** This Court has jurisdiction over this matter pursuant to Indiana law.

**2.2** Venue is proper in this Court because the events giving rise to this Complaint occurred in [New Albany], Indiana.

## III. FACTS

**3.1 Plaintiff** is currently employed by **Defendant,** as a Certified Nursing Assistant.

**3.2 Plaintiff** and Co-workers repeatedly reported a faulty mechanical Hoyer Lift used in the facility that was broken and unsafe.

**3.3 Defendant,** through its **Director of Nursing (Cheryl Fagundo),** acknowledged these concerns but dismissed them and continued requiring staff to use the faulty equipment.

**3.4** On or about **[7/27/2025]**, a **resident at Rolling Hills Healthcare Center** be fell approximately five feet from a faulty lift, as the entire lift malfunctioned and the rod holding the resident in the air gave out and metal bar attached hit directly on top of his head, sustaining injury.

**3.5 Plaintiff** and other staff were not provided with proper incident reporting procedures or allowed to document the event accurately.

**3.6 Plaintiff** and other staff were told to minimize the events of the fall through text message and in person by reporting nurse Alexandria Crawford.

**3.7 Plaintiff's** paychecks, covering at least 29 pay periods, failed to include the promised shift differential rate of $3 per eligible hour, amounting to unpaid wages.

**3.8 Defendant** failed to disclose to all employees, families, and residents the presence of **Legionella bacteria** in the facility's water supply, despite admitting knowledge and delaying action to address the hazard.

**3.9 Defendant's** actions regarding the reporting of abuse and unsafeness of certain protocols workplace standards and procedure created an unsafe, hostile, and negligent work environment.

**3.10 Defendant (Stefanie Jenkins)** acknowledged on several occasions that they were aware that the HR **department** in house had manipulated the time clock to help (Chareese Graves) and chosen coworkers, so they become eligible for incentives and quarterly bonuses. **Defendant** also made **Plaintiff** and eyewitnesses aware that she had knowledge of a specific situation regarding time clock manipulation regarding a Nurse named"**Amanda**" who works morning shift , whose time card was changed several times to be eligible for the quarterly bonus so that she could in turn help the HR time keeper "**Chareese Graves**" with Nursing tuition.

**3.11 Defendant** acknowledged on several occasions that they were knowledgeable about staff members who worked the graveyard shift not seeing their full shift differential or at times none on their pay stubs.

**3.12 Defendant** failed to disclose a rate of pay for the shift differential on staff members paystubs.

**3.13 Defendants (Stefanie Jenkins)** on our around (8/26/2025) was made aware the (Alexandria Crawford) reporting nurse for a fall incident along with Director of Nursing tried to minimize the fall the was associated with the faulty lift and responded with in front of eyewitness **Neysa Miles** "What do you think we should have done Sydney , send him out for a MRI". **Defendant** was also made aware that there was text messages regarding this issue were the reporting nurse (**Alexandria Crawford)** asked the other CNA to minimize this issue, and also say she was not in the room at the time of the fall.

**3.14 Defendant (Stephanie Jenkins)** stated that the shift differential was in fact $3 on several occasions including the date of 7/29/2025 at 5:45 A.M, and that she has a paper in her office that reflects this as well as the Director of Nursing, in front of eyewitnesses.

**3.15 Defendant** known as "**Lester**" who represents corporate spoke with an employee about shift differentials and verified that the shift differential was in fact $3. On the date of 8/27/2025 over a recorded phone call.

**3.16 Plaintiff** and other counterparts have repeatedly complained about pay not being correct dating back to at least **March of 2024. Defendant** chooses when they want to investigate an employee's wage claims, regardless of bona-fide evidence.

**3.17 Plaintiff** was recently prescribed **Zoloft** a prescription medication and now sees a therapist regularly for diagnosed Anxiety and Depression related to hostility in the workplace and unresolved wage claims.

**3.18 Plaintiff** and eyewitness ( **Neysa Miles)** spoke with **(Stefanie Jenkins)** on or about (8/26/2025) about the rumors from a corporate employee of Legionella in the water supply and a

reply of " I can't speak much about it , but yes it is in small traces and we have been treating it with 100s of thousands of dollars I can assure you that". When asked when she would speak about this with other members of our care team, she said she would bring it up "later September" in a staff meeting.

**3.19 Defendant (Stefanie Jenkins)** was told several times in person and through RCS text message that several nurses were participating in unethical and unsafe nursing practices that place the other staff members at harm and that compromise on the integrity of the care team at **Rolling Hills Healthcare Center.**

**3.20 Defendant** also maintained unsafe working conditions. Specifically, the facility required staff to use **incorrect lift pads with Hoyer lifts**, creating a serious risk of patient falls and injuries. Plaintiff documented this hazard and made administration aware as well as Director of Nursing, yet no corrective action was taken.

**3.21 Defendant** offered quarterly bonuses to employees in 2024 who met certain eligibility requirement that included: Zero Absences, had to be a full time or part time employee, had to also be within your 90-day probation period of working.

**3.21 Defendant** acknowledged that certain people who didn't qualify for the quarterly bonus still received them due to a system "glitch".

**3.22 Plaintiff** understands and is knowledgeable on what quarterly means, and it is referring to every three months starting at the beginning of the calendar period in January.

**3.23 Defendant** has not addressed the night shift staff as a whole regarding improper time keeping records and unpaid shift differentials but has spoken with certain people personally and offered to cut them checks to fix their unpaid shift differential.

**3.24 Plaintiff** has made **Defendant** aware of wage claims through text messaging, in person meetings as well filed claims through Rolling Hills third party agency "NAVEX". Evidence documented dates back to November 2024 for wage claims regarding **Plaintiff.**

**3.25 Defendant** was made aware on our around **September 2024 ,** that there had been an incident with a nurse that is currently on suspension (Joyce Dunn) were the the **Plaintiff** felt unsafe, targeted and belittled in front of other coworkers due to a scheduling issue. Eyewitness **Kayla Terry** saw **Joyce Dunn** yell at **Plaintiff** and get agitated and raise her voice as well as use profanity to **Plaintiff** in front of other coworkers and residents. As well as steeping in **Plaintiffs** personal space being confrontational by pointing her fingers in **Plaintiffs** face and telling **Plaintiff** to go "just go home" because **Plaintiff** did not feel comfortable working with her.

**3.26 Plaintiff** reached out to HR at the time which was "**Chareese Graves**" and Director of Nursing "**Cheryl Fagundo**" to report this incident , and was met with a response of "respect your elders, shes just a old-fashioned nurse" by the Director of Nursing as well as a response from HR stating there was nothing she could do to accommodate me and she hope me and the nurse can put aside our differences.

**3.28 Defendant** received a complaint in April of 2024 about **Joyce Dunn** and **Jordan Smith,** from a family member of **Jordan Smith,** who is a Registered Nurse (**Sheryl McElroy Smith**) at another business regarding workplace bullying and hostility towards certain staff members. Jordan Smith was forced out of her job due to neglect for the complaint which involved her having an anxiety attack at the time of their incident. **Defendant** threatened her job if she decided to leave and the incident would be labeled as "job abandonment".

**3.29 Defendant** was aware of the unprofessionalism regarding Joyce Dunn and the way she treated staff members who's titles usually were Certified Nursing Assistants.

**3.30 Defendant** is aware that **Joyce Dunn and Cheryl Fagundo** are under investigation at a regional level and have been temporarily suspended due to misconduct.

## IV CLAIMS FOR RELIEF:

### COUNT I- Negligence

**4.1 Defendant** failed to honor their duty of care and integrity to employees and residents to maintain safe equipment and working conditions.

**4.2 Defendant** breached that duty by ignoring known equipment failures and exposing staff and residents to Legionella.

**4.3 Defendant** failed to address and investigate complaints involving staff members and issues with certain team member's that have created a hostile environment. As a direct result, **Plaintiff** suffered harm, stress, and risk of exposure to unsafe working conditions.

**4.4 Defendant** failed to investigate abuse cases among a handful of residents with one in particular resulting in a fall that left patient vulnerable to head trauma due to malfunction of the hoyer lift as well as putting staff members licenses at risk by working a faulty hoyer lift with incorrect hoyer pads.

**COUNT II- Wage violations/unpaid wages**

**4.4 Defendant** failed to pay **Plaintiff** shift differential wages as promised, constituting wage theft in violation of Indiana wage laws.

**4.5 Defendant** failed to provide accurate pay statements, further violating wage reporting requirements.

**4.6 Defendant** failed to thoroughly investigate wage claims made by employees in a prompt and proper manner.

**4.7 Defendant,** failed to uphold staff members that had access to sensitive information such as social security numbers and addresses to a standard that matches their mission statement, once they knew fraud was being committed.

**COUNT III- Hostile work environment**

**5.1 Defendant** created a hostile workplace by disregarding employee safety concerns, dismissing reports, failing to thoroughly investigate claims of abuse and neglect regarding resident care and safety, not acting on known hazards, not keeping up to date audit books pertaining to crash carts as well as infection control policies and inspections logs that show accuracy for mechanical lifts.

**5.2 Plaintiff** suffered emotional distress, anxiety, and loss of quality of life as a result.

**5.3** When **Plaintiff** and other counterparts would speak up about neglect of care and safety issue they would be retaliated against subtly and at times minimized due to their professional title.

**COUNT IV – Wage fraud and bonus manipulation.**

**5.1 Defendant** failed to pay attendance bonuses promptly and timely according to the flyer they gave employees, as well as treating all employees with the same fairness, intentionally manipulating employee time clock records to make certain employees appear eligible for quarterly bonuses.

**5.2** As a result of this manipulation, **Plaintiff** and other eligible employees were wrongfully denied bonuses they had earned under **Defendant's** policies.

**5.3 Defendant's** conduct constitutes willful wage fraud, breach of duty of good faith and fair dealing, and a violation of Indiana wage payment laws.

**5.4 Plaintiff** has suffered financial and mental harm due to the loss of promised bonus compensation and requests full repayment of wrongfully withheld bonuses, interest, and punitive damages for **Defendant's** intentional misconduct.

**V. DAMAGES**

**Plaintiff** seeks damages including but not limited to:

- Back pay for all unpaid shift differential wages with interest according to Indiana wage law.
- Damages relating in having to file bankruptcy and evection due to fraud inducement relating to the shift differential and unpaid bonuses (promise estoppel)
- Damages for being exposed to legionella without any notification or proper training.
- Compensatory damages for diagnosed anxiety and depression related to emotional distress, hostility, and anxiety about the workplace

- Damages for humiliation and pain suffering caused by harassment
- Punitive damages for willful disregard of safety.
- Attorney's fees and court costs.
- Any further relief the Court considers just and proper.
- Damages for reckless behavior regarding staff, and resident safety, mechanical lifts, Legionella traces in the water supply and disregard for improper use of equipment and functions in the facility.
- Additional relief/injunctive measures

## VI. CLAIM FOR RELIEF

WHEREFORE, **Plaintiff** respectfully requests that this Court enter judgment against **Defendant** in the amount of **$1,000,000** or such sum as may be proven at trial, together with costs, interest, and any other relief the Court deems just and proper.

Respectfully submitted,

**Sydney Price**

**10210 Hornbeam Blvd**

**Louisville , KY 40228**

**Pricesydney95@gmail.com (502-650-4255)** **9/8/2025**

STATE OF INDIANA ) IN THE FLOYD SUPERIOR COURT 3
) SS:
COUNTY OF FLOYD ) CAUSE NO. 22D03-2509-CT-1529

SYDNEY PRICE,
PLAINTIFF

VS.

ROLLING HILLS HEALTHCARE CENTER,
DEFENDANT(S)

Filed
Floyd Superior Ct. 3
OCT - 2 2025
Danita Burks
Clerk

ORDER FOR STATUS CONFERENCE

Comes now the Court on its own motion and orders a status conference with the parties.

And the Court being duly advised in the premises does hereby order the following:

IT IS HEREBY ORDERED a Status Conference scheduled for **27TH DAY OF JANUARY, 2026 at 2:45 P.M. Status Conference shall be held by zoom. Zoom Meeting ID: 956 6830 3428 Passcode: 020325**

SO ORDERED THIS 2ND DAY OF OCTOBER 2025.

Maria D. Granger
Hon. Maria D. Granger, JUDGE

Distribution:
Attorney for Plaintiff,
Attorney for Defendant,

**IN THE SUPERIOR COURT**
**[FLOYD COUNTY], INDIANA**

Filed
Floyd Superior Ct. 3
OCT 14 2025
Danita Burks
Clerk

[Sydney Price],
**Plaintiff,**

v.

Case No. [ 22D03-2509-CT-1529 ]

[Rolling Hills Healthcare Center],
**Defendant,**

---

## PROPOSED ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

Comes now the Plaintiff, **Sydney Price,** and respectfully moves the Court for leave to amend the claim previously filed in this matter. In support of this motion, Plaintiff states as follows:

1. Plaintiff originally filed this action on **[9/09/2025]**, alleging damages arising from actions of the Defendant related to Plaintiff's employment.

2. Since the original filing, Plaintiff has experienced **wrongful termination** by Defendant, which occurred **after the initial claim was filed.**

3. This new development has resulted in additional damages, including but not limited to lost wages, emotional distress, and other financial harm.

4. Plaintiff believes this amendment is necessary for justice to be served and that no undue prejudice will result to Defendant

**WHEREFORE**, Plaintiff respectfully requests that this Court grant leave to file an **Amended Claim and Propose and Order** to include the wrongful termination and increased relief, and for all other just and proper relief in the premises.

Respectfully submitted,

SO ORDERED this ~~6th~~ 14th day of October, ***2025.***

Judge, ______________________ Superior Court

IN THE SUPERIOR COURT OF [FLOYD]COUNTY, INDIANA

**Sydney Price**

{PLAINTIFF},

V.

**Rolling Hills Healthcare Center,**

{DEFENDANT},

**CASE NUMBER**

22D03-2509-CT-1529

Filed
Floyd Superior Ct. 3
OCT 14 2025
Danita Burks
Clerk

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR DAMAGES AS FOLLOWS:**

**Sydney Price,** by way of Complaint against **Rolling Hills Healthcare Center**, states as follows:

**I PARTIES**

**1.1Plaintiff, Sydney Price,** is an individual residing in Jefferson County, (Louisville, KY), and is currently employed by **Defendant, Rolling Hills Healthcare Center,** at the time of filing this petition.

I.2 **Defendant, Rolling Hills Healthcare Center,** is a business entity that is currently dba "Rolling Hills Healthcare Center" a long-term care facility that is found at 3625 St Joseph Road, (New Albany, IN) 47150.

**1.3Rolling Hills Healthcare Center, headquarters** and legal department is located at 10123 Alliance Road, Blue Ash, OH 45242 Phone: (513) 489-7100 Website: communicarehealth.com

**1.4 Rolling Hills Healthcare Center, Registered agent office is at** 334 North Senate Avenue, Indianapolis, IN, 46204, USA **under the business of C T CORPORATION SYSTEM**

## II. JURISDICTION AND VENUE

**2.1** This Court has jurisdiction over this matter pursuant to Indiana law.

**2.2** Venue is proper in this Court because the events giving rise to this Complaint occurred in [New Albany], Indiana.

## III. FACTS

**3.1 Plaintiff** is currently employed by **Defendant**, as a Certified Nursing Assistant.

**3.2 Plaintiff** and Co-workers repeatedly reported a faulty mechanical Hoyer Lift used in the facility that was broken and unsafe.

**3.3 Defendant,** through its **Director of Nursing (Cheryl Fagundo),** acknowledged these concerns but dismissed them and continued requiring staff to use the faulty equipment.

3.4 On or about [**7/27/2025**], a **resident at Rolling Hills Healthcare Center** be fell approximately five feet from a faulty lift, as the entire lift malfunctioned and the rod holding the resident in the air gave out and metal bar attached hit directly on top of his head, sustaining injury.

**3.5 Plaintiff** and other staff were not provided with proper incident reporting procedures or allowed to document the event accurately.

**3.6 Plaintiff** and other staff were told to minimize the events of the fall through text message and in person by reporting nurse Alexandria Crawford.

**3.7 Plaintiff's** paychecks, covering at least 29 pay periods, failed to include the promised shift differential rate of $3 per eligible hour, amounting to unpaid wages.

**3.8 Defendant** failed to disclose to all employees, families, and residents the presence of **Legionella bacteria** in the facility's water supply, despite admitting knowledge and delaying action to address the hazard.

**3.9 Defendant's** actions regarding the reporting of abuse and unsafeness of certain protocols workplace standards and procedure created an unsafe, hostile, and negligent work environment.

**3.10 Defendant (Stefanie Jenkins)** acknowledged on several occasions that they were aware that the HR **department** in house had manipulated the time clock to help (Chareese Graves) and chosen coworkers, so they become eligible for incentives and quarterly bonuses. **Defendant** also made **Plaintiff** and eyewitnesses aware that she had knowledge of a specific situation regarding time clock manipulation regarding a Nurse named"**Amanda**" who works morning shift , whose time card was changed several times to be eligible for the quarterly bonus so that she could in turn help the HR time keeper "**Chareese Graves**" with Nursing tuition.

**3.11 Defendant** acknowledged on several occasions that they were knowledgeable about staff members who worked the graveyard shift not seeing their full shift differential or at times none on their pay stubs.

**3.12 Defendant** failed to disclose a rate of pay for the shift differential on staff members paystubs.

**3.13 Defendants (Stefanie Jenkins)** on our around (8/26/2025) was made aware the (Alexandria Crawford) reporting nurse for a fall incident along with Director of Nursing tried to minimize the fall the was associated with the faulty lift and responded with in front of eyewitness **Neysa Miles** "What do you think we should have done Sydney , send him out for a MRI". **Defendant** was also made aware that there was text messages regarding this issue were the reporting nurse **(Alexandria Crawford)** asked the other CNA to minimize this issue, and also say she was not in the room at the time of the fall.

**3.14 Defendant (Stephanie Jenkins)** stated that the shift differential was in fact $3 on several occasions including the date of 7/29/2025 at 5:45 A.M, and that she has a paper in her office that reflects this as well as the Director of Nursing, in front of eyewitnesses.

**3.15 Defendant** known as **"Lester"** who represents corporate spoke with an employee about shift differentials and verified that the shift differential was in fact $3. On the date of 8/27/2025 over a recorded phone call.

**3.16 Plaintiff** and other counterparts have repeatedly complained about pay not being correct dating back to at least **March of 2024. Defendant** chooses when they want to investigate an employee's wage claims, regardless of bona-fide evidence.

**3.17 Plaintiff** was recently prescribed **Zoloft** a prescription medication and now sees a therapist regularly for diagnosed Anxiety and Depression related to hostility in the workplace and unresolved wage claims.

**3.18 Plaintiff** and eyewitness ( **Neysa Miles)** spoke with **(Stefanie Jenkins)** on or about (8/26/2025) about the rumors from a corporate employee of Legionella in the water supply and a

reply of " I can't speak much about it , but yes it is in small traces and we have been treating it with 100s of thousands of dollars I can assure you that". When asked when she would speak about this with other members of our care team, she said she would bring it up "later September" in a staff meeting.

**3.19 Defendant (Stefanie Jenkins)** was told several times in person and through RCS text message that several nurses were participating in unethical and unsafe nursing practices that place the other staff members at harm and that compromise on the integrity of the care team at **Rolling Hills Healthcare Center.**

**3.20 Defendant** also maintained unsafe working conditions. Specifically, the facility required staff to use **incorrect lift pads with Hoyer lifts**, creating a serious risk of patient falls and injuries. Plaintiff documented this hazard and made administration aware as well as Director of Nursing, yet no corrective action was taken.

**3.21 Defendant** offered quarterly bonuses to employees in 2024 who met certain eligibility requirement that included: Zero Absences, had to be a full time or part time employee, had to also be within your 90-day probation period of working.

**3.21 Defendant** acknowledged that certain people who didn't qualify for the quarterly bonus still received them due to a system "glitch".

**3.22 Plaintiff** understands and is knowledgeable on what quarterly means, and it is referring to every three months starting at the beginning of the calendar period in January.

**3.23 Defendant** has not addressed the night shift staff as a whole regarding improper time keeping records and unpaid shift differentials but has spoken with certain people personally and offered to cut them checks to fix their unpaid shift differential.

**3.24 Plaintiff** has made **Defendant** aware of wage claims through text messaging, in person meetings as well filed claims through Rolling Hills third party agency "NAVEX". Evidence documented dates back to November 2024 for wage claims regarding **Plaintiff.**

**3.25 Defendant** was made aware on our around **September 2024 ,** that there had been an incident with a nurse that is currently on suspension (Joyce Dunn) were the the **Plaintiff** felt unsafe, targeted and belittled in front of other coworkers due to a scheduling issue. Eyewitness **Kayla Terry** saw **Joyce Dunn** yell at **Plaintiff** and get agitated and raise her voice as well as use profanity to **Plaintiff** in front of other coworkers and residents. As well as steeping in **Plaintiffs** personal space being confrontational by pointing her fingers in **Plaintiffs** face and telling **Plaintiff** to go "just go home" because **Plaintiff** did not feel comfortable working with her.

**3.26 Plaintiff** reached out to HR at the time which was "**Chareese Graves**" and Director of Nursing "**Cheryl Fagundo**" to report this incident , and was met with a response of "respect your elders, shes just a old-fashioned nurse" by the Director of Nursing as well as a response from HR stating there was nothing she could do to accommodate me and she hope me and the nurse can put aside our differences.

**3.28 Defendant** received a complaint in April of 2024 about **Joyce Dunn** and **Jordan Smith,** from a family member of **Jordan Smith,** who is a Registered Nurse (**Sheryl McElroy Smith**) at another business regarding workplace bullying and hostility towards certain staff members. Jordan Smith was forced out of her job due to neglect for the complaint which involved her having an anxiety attack at the time of their incident. **Defendant** threatened her job if she decided to leave and the incident would be labeled as "job abandonment".

**3.29 Defendant** was aware of the unprofessionalism regarding Joyce Dunn and the way she treated staff members who's titles usually were Certified Nursing Assistants.

**3.30 Defendant** is aware that **Joyce Dunn and Cheryl Fagundo** are under investigation at a regional level and have been temporarily suspended due to misconduct.

## IV CLAIMS FOR RELIEF:

### COUNT I- Negligence

**4.1 Defendant** failed to honor their duty of care and integrity to employees and residents to maintain safe equipment and working conditions.

4.2 **Defendant** breached that duty by ignoring known equipment failures and exposing staff and residents to Legionella.

4.3 **Defendant** failed to address and investigate complaints involving staff members and issues with certain team member's that have created a hostile environment. As a direct result, **Plaintiff** suffered harm, stress, and risk of exposure to unsafe working conditions.

4.4 **Defendant** failed to investigate abuse cases among a handful of residents with one in particular resulting in a fall that left patient vulnerable to head trauma due to malfunction of the hoyer lift as well as putting staff members licenses at risk by working a faulty hoyer lift with incorrect hoyer pads.

**COUNT II- Wage violations/unpaid wages**

4.4 **Defendant** failed to pay **Plaintiff** shift differential wages as promised, constituting wage theft in violation of Indiana wage laws.

4.5 **Defendant** failed to provide accurate pay statements, further violating wage reporting requirements.

**4.6 Defendant** failed to thoroughly investigate wage claims made by employees in a prompt and proper manner.

**4.7 Defendant,** failed to uphold staff members that had access to sensitive information such as social security numbers and addresses to a standard that matches their mission statement, once they knew fraud was being committed.

**COUNT III- Hostile work environment**

**5.1 Defendant** created a hostile workplace by disregarding employee safety concerns, dismissing reports, failing to thoroughly investigate claims of abuse and neglect regarding resident care and safety, not acting on known hazards, not keeping up to date audit books pertaining to crash carts as well as infection control policies and inspections logs that show accuracy for mechanical lifts.

**5.2 Plaintiff** suffered emotional distress, anxiety, and loss of quality of life as a result.

**5.3** When **Plaintiff** and other counterparts would speak up about neglect of care and safety issue they would be retaliated against subtly and at times minimized due to their professional title.

**COUNT IV – Wage fraud and bonus manipulation.**

**6.1 Defendant** failed to pay attendance bonuses promptly and timely according to the flyer they gave employees, as well as treating all employees with the same fairness, intentionally manipulating employee time clock records to make certain employees appear eligible for quarterly bonuses.

**6.2** As a result of this manipulation, **Plaintiff** and other eligible employees were wrongfully denied bonuses they had earned under **Defendant's** policies.

**6.3 Defendant's** conduct constitutes willful wage fraud, breach of duty of good faith and fair dealing, and a violation of Indiana wage payment laws.

**6.4 Plaintiff** has suffered financial and mental harm due to the loss of promised bonus compensation and requests full repayment of wrongfully withheld bonuses, interest, and punitive damages for **Defendant's** intentional misconduct.

**Count V – Wrongful Termination / Retaliation**

**7.1** Plaintiff reaffirms and incorporates all prior allegations

**7.2** On or about [**10/03/2025**], approximately one month after filing this lawsuit, Defendant terminated Plaintiff's employment without providing a valid explanation.

**7.3**Plaintiff believes and alleges that this termination was in retaliation for filing this lawsuit and exercising her legal rights.

**7.4** As a result of Defendant's retaliatory termination, Plaintiff has suffered loss of income, emotional distress, and other damages.

## V. DAMAGES

**Plaintiff** seeks damages including but not limited to:

- Back pay for all unpaid shift differential wages with interest according to Indiana wage law.
- Damages relating in having to file bankruptcy and evection due to fraud inducement relating to the shift differential and unpaid bonuses (promise estoppel)
- Damages for being exposed to legionella without any notification or proper training.
- Compensatory damages for diagnosed anxiety and depression related to emotional distress, hostility, and anxiety about the workplace
- Damages for humiliation and pain suffering caused by harassment
- Damages for wrongful termination
- Punitive damages for willful disregard of safety.
- Attorney's fees and court costs.
- Any further relief the Court considers just and proper.
- Damages for reckless behavior regarding staff, and resident safety, mechanical lifts, Legionella traces in the water supply and disregard for improper use of equipment and functions in the facility.
- Additional relief/injunctive measures

## VI. CLAIM FOR RELIEF

WHEREFORE, **Plaintiff** respectfully requests that this Court enter judgment against **Defendant** in the amount of **$1,000,000** or such sum as may be proven at trial, together with costs, interest, and any other relief the Court deems just and proper.

Respectfully submitted,



**Sydney Price**

**10210 Hornbeam Blvd**

Louisville , KY 40228

Pricesydney95@gmail.com (502-650-4255) 10/06/2025

Wolters Kluwer

October 07, 2025

**Notice of Rejected Service of Process – Log# 550298411**

Filed
Floyd Superior Ct. 3
OCT 15 2025
Danita Burks
Clerk

Agent Served: C T Corporation
Party Served: Communicare Heralth
Jurisdiction Served: Indiana
Date of Service: October 06, 2025
Title of Action: Sydney Price vs. Rolling Hills Healthcare Center
Case No. 22D032509CT001529

Dear Sir/Madam:

We have received documents from you in the above-referenced matter, but we are not able to forward the documents to any party due to the reason indicated below.

☑ Not Agent: According to our records and/or the records of the Secretary of State, we are not the registered agent for the party you are attempting to serve.

☐ Documents Do Not Correctly Identify the Intended Recipient: The name of the party that you are trying to serve appears to be incomplete and/or there are other errors in how you have identified the party that you are trying to serve. Our company is the registered agent for service of process for hundreds of thousands of entities, and because of your errors in identifying the party that you are trying to serve, we are unable to determine the identity of the party that you are attempting to serve.

☐ Inactive Entity: The entity that you are attempting to serve is either discontinued on our records and/or inactive with the Secretary of State. Accordingly, we no longer have any active agreement with the entity to operate as its registered agent for service of process, and we no longer have current delivery instructions on file.

To be clear, for the aforementioned reason(s), we have not been able to forward the documents that you are attempting to serve to any party. We are writing this letter to you so that you can take action to address the problems that we have identified. If you do not correct the errors identified herein, the party you are trying to serve will not receive notice of these documents.

Please email SOPInquiries@wolterskluwer.com if you believe that you have received this letter in error or if you need further assistance.

**(Returned To)**

Danita Burks
Floyd County Clerk
Room 235 City- County Building,
311 Hauss Square,
New Albany, IN 47150

STATE OF INDIANA ) FLOYD SUPERIOR COURT 3
) SS:
COUNTY OF FLOYD ) CASE NO. 22D03-2509-CT-001529

SYDNEY PRICE, )
)
Plaintiff, )
)
v. )
)
ROLLING HILLS HEALTHCARE CENTER, )
)
)
Defendant. )

**E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE**

1. The party on whose behalf this form is being filed is:

Initiating ____________ Responding __X____ Intervening ________ ; and

the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

Name of party INNH EMP, LLC d/b/a Rolling Hills Healthcare Center ____________

Address of party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

_______________________________________________

_______________________________________________

Telephone # of party ______________________________

*(List on a continuation page additional parties this attorney represents in this case.)*

2. Attorney information for service as required by Trial Rule 5(B)(2)

Name: Zachary A. Ahonen Atty. Number: 31865-30
Name: Brian L. Mosby Atty. Number: 26096-29

Address: JACKSON LEWIS P.C.
211 North Pennsylvania Street
Suite 1700
Indianapolis, IN 46204
Phone: 317-489-6930
Fax: 317-489-6931
*zachary.ahonen@jacksonlewis.com*
*brian.mosby@jacksonlewis.com*

**IMPORTANT**: Each attorney specified on this appearance:

(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;
(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and
(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3. This is a ____CT____ case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. Yes _____ No __X__ *(If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)*

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. Yes __ No __X__ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)* The party shall use the following address for purposes of legal service:

______ Attorney's address
______ The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.in.gov**).
______ Another address (provide) ______________________________

This case involves a petition for involuntary commitment. Yes ______ No __X__

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: ______________________________

b. State of Residence of person subject to petition: ______________________

c. At least one of the following pieces of identifying information:

(i) Date of Birth ______________________________

(ii) Driver's License Number ______________________________________________

State where issued _______________ Expiration date ______________

(iii) State ID number ______________________________________________

State where issued _______________ Expiration date ______________

(iv) FBI number ______________________________________________

(v) Indiana Department of Corrections Number ______________________

(vi) Social Security Number is available and is being provided in an attached confidential document Yes ____ No ____

7. There are related cases: Yes _X_ No __ *(If yes, list on continuation page.)*

8. Additional information required by local rule: ________________________

9. There are other party members: Yes ____ No _X_ *(If yes, list on continuation page.)*

10. This form has been served on all other parties and Certificate of Service is attached:

Yes __X__ No _______

# CONTINUATION PAGE

The following is a continuation to Paragraph 7 above listed a related case:

- *Trashawnia Suggs v. Rolling Hills Healthcare Center*, Case No. 22D03-2509-CT-001552, Floyd Superior Court 3, Floyd County, Indiana.

Respectfully submitted,

*<u>/s/ Zachary A. Ahonen</u>*
Zachary A. Ahonen, IN Atty #31865-30
Brian L. Mosby, IN Atty #26096-29
JACKSON LEWIS P.C.
211 North Pennsylvania Street, Suite 1700
Indianapolis, IN 46204
Tel: (317) 489-6930
Fax: (317) 489-6931
*zachary.ahonen@jacksonlewis.com*
*brian.mosby@jacksonlewis.com*

*Attorneys for Defendant,*
*INNH EMP, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on October 17, 2025, I filed the foregoing filed electronically with the Court. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

The undersigned hereby certified that on October 17, 2025, a copy of the foregoing was served upon the following party by United States first-class mail, postage paid.

Sydney Price
10210 Hornbeam Blvd.
Louisville, KY 40228
*Pricesydney95@gmail.com*

*<u>/s/ Zachary A. Ahonen</u>*
Zachary A. Ahonen

4897-5042-5459, v. 1

Filed: 10/17/2025 2:25 
Floyd County Superior Cour
Floyd County, India

STATE OF INDIANA ) FLOYD SUPERIOR COURT 3
) SS:
COUNTY OF FLOYD ) CASE NO. 22D03-2509-CT-001529

| | |
|---|---|
| SYDNEY PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROLLING HILLS HEALTHCARE CENTER, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**STATE COURT NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT Defendant, INNH EMP, LLC—improperly named Rolling Hills Healthcare Center ("Defendant"), has removed this action to the United States District Court, Southern District of Indiana, New Albany Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A copy of the Notice of Removal and attached Exhibits, which were filed in District Court and served on Plaintiff no earlier than October 17, 2025, are attached as **Exhibit A**.

Respectfully submitted,

*/s/ Zachary A. Ahonen*

Zachary A. Ahonen
Brian L. Mosby
Jackson Lewis P.C.
211 N. Pennsylvania Street, Suite 1700
Indianapolis, IN 46204
Telephone: (317) 489-6930
Facsimile: (3 17) 489-6931
*zachary.ahonen@jacksonlewis.com*
*brian.mosby@jacksonlewis.com*

*Attorneys for Defendant,*
*INNH EMP, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 17, 2025, I filed the foregoing electronically with the Clerk of the Court. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

The undersigned hereby certified that on October 17, 2025, a copy of the foregoing was served upon the following party by United States first-class mail, postage paid.

Sydney Price
10210 Hornbeam Blvd.
Louisville, KY 40228
*Pricesydney95@gmail.com*

*/s/ Zachary A. Ahonen*
Zachary A. Ahonen

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SYDNEY PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 4:25-cv-00204 |
| | ) | |
| ROLLING HILLS HEALTHCARE CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant, INNH EMP, LLC —improperly named as Rolling Hills Healthcare Center—by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in accordance with the Federal Rules of Civil Procedure, hereby files this Notice of Removal. In support thereof, Defendant states:

1. On September 9, 2025, Plaintiff, Sydney Price, commenced a civil action in the Superior Court of Floyd County under Cause No. 22D03-2509-CT-1529, (the "State Court Case"), by filing the Complaint. A true and accurate copy of the Complaint is attached hereto as **Exhibit A.**

2. Thereafter, Plaintiff served Defendant with a copy of the Complaint and Summons no earlier than September 17, 2025, via registered or certified mail, requiring Defendant's responsive pleading to Plaintiff's Complaint be filed on or before October 10, 2025.

3. On October 1, 2025, Plaintiff filed, and the court granted, a Motion for Leave to file an Amended Complaint. Plaintiff filed her Amended Complaint the same day.

4. On October 2, 2025, the Court issued an order setting the State Court Case for a status conference on January 27, 2026. Plaintiff also requested the Court to issue a summons for personal service of the Amended Complaint upon Defendant.

5. Defendant has not received service of Plaintiff's Amended Complaint.